IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHEE ABD' RASHEED

        Plaintiff,                    No. CIV S-09-3300 KJM P

  vs.

CASTRO, et al.

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has filed a motion for injunctive relief, alleging that the defendants named in the complaint "continue to deny plaintiff access to his money in his trust account, canteen, religious books and to support his family and pay court filing fees...." Mot. at 2 (Docket No. 5). The motion also suggests that defendants are "denying plaintiff equal public accommodations" and access to medical care. <u>Id.</u> at 3.

        Injunctive relief ordinarily takes the form of a temporary restraining order or a preliminary injunction. The purpose in issuing a temporary restraining order often is to preserve the status quo pending a fuller hearing. However, when a party seeks a mandatory injunction, which "goes well beyond simply maintaining the status quo," the party must show that the facts

/////

1 and the law clearly favor his position. Stanley v. University of Southern California, 13 F.3d
2 1313, 1320 (9th Cir.1994).

3 The cases contain limited discussion of the standards for issuing a temporary
4 restraining order due to the fact that very few such orders can be appealed prior to the hearing on
5 a preliminary injunction. It is apparent however, that requests for temporary restraining orders
6 which are ex parte and without notice are governed by the same general standards that govern
7 the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434
8 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist.
9 Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v.
10 Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the
11 court is directed to irreparable harm and the balance of hardships because the merits of a
12 controversy are often difficult to ascertain and adjudicate on short notice.

13 The legal principles applicable to a request for injunctive relief are well
14 established. To prevail, the moving party must show either a likelihood of success on the merits
15 and the possibility of irreparable injury, or that serious questions are raised and the balance of
16 hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122
17 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
18 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal
19 point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under
20 any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
21 irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the
22 court need not reach the issue of likelihood of success on the merits. Id.

23 Plaintiff does not specify whether he seeks a temporary restraining order, a
24 preliminary injunction, or both. Under either category, however, his motion does not state a
25 basis for granting injunctive relief. The allegation that prison officials are denying him access to
26 money in his prison trust account, even if true, does not suggest the existence of irreparable

injury.[1]  Furthermore, in making the allegation that defendants are depriving him of equal accommodations and access to medical treatment, plaintiff is not specific as to the nature of any disability or serious medical need.  He is also not specific about the "religious books" that he mentions only in passing at the beginning of his motion.  The motion is therefore too vague and does not give the court any basis on which to determine that a threat of irreparable injury exists.  Since the burden to show that threat is a heavy one and placed on the plaintiff, the court concludes that the motion must be denied.

Finally, the court notes that plaintiff has submitted an affidavit regarding the court's earlier order that plaintiff must complete a sworn application concerning his prison trust account if he wishes to proceed in forma pauperis.  Plaintiff states in his affidavit that he spoke to his correctional counselor about deducting the full filing fee of $350.00 from his prison account, but the correctional officer gave him a document showing that the balance of the account is zero.  Plaintiff states that "I refused to mail the original statement to the courts because it would have been an act of fraud to declare under penalty of perjury that I don't have any money, when in fact I do have money because I have won over three lawsuits since 1999 and have not been permitted to spend a dime of that money."  Pl.'s Aff. at 1 (Docket No. 6).  The court appreciates plaintiff's effort to maintain full candor with the court, but on this issue plaintiff is mistaken as to the manner of proof necessary for him to proceed in forma pauperis.  The question is not how much money plaintiff believes ought to be in his prison trust account; the question is how much money the prison has recorded to have been in the account over the last six months.  Documentation of the contents and history of the account, certified by the prison, will not impugn plaintiff's credibility regarding how much money should be in the account, nor can such documentation stand as a misrepresentation by plaintiff about the account.

---

[1] Plaintiff has made the same allegation in his civil rights complaint, wherein he seeks an order that "defendants return money illegally seized from him and have all monies placed... into plaintiff's account."  Complaint at 5 (Docket No. 1).  In this order, the court expresses no opinion on the merit or availability of the monetary relief that plaintiff seeks in his complaint.

1  Moreover, plaintiff has, with the submission of his affidavit, made it abundantly clear that he
2  disagrees with the recorded account balance of zero.  His objection is now preserved for the
3  record, but the court will require proper documentation of his prison trust account as required by
4  statute.

5        Plaintiff therefore has two options: (1) pay the filing fee of $350.00, regardless of
6  the current balance statement of his prison trust account, or (2) submit a completed application to
7  proceed in forma pauperis.  Should plaintiff choose the latter, the certificate portion of the
8  application must be completed by plaintiff's institution of incarceration and signed by an
9  authorized prison official.  Also, plaintiff must file a certified copy of his prison trust account
10  statement for the six month period immediately preceding the filing of the complaint.  See 28
11  U.S.C. § 1915(a)(2).

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1.  The motion for injunctive relief (Docket No. 5) is denied;

14        2.  Plaintiff shall submit, within thirty days from the date of this order, the full
15  filing fee of $350.00 or a completed affidavit and trust account statement in support of his
16  request to proceed in forma pauperis on the form provided by the Clerk of Court;

17        3.  The Clerk of the Court is directed to send plaintiff a new Application to
18  Proceed In Forma Pauperis By a Prisoner; and

19        4.  If plaintiff chooses to proceed in forma pauperis, plaintiff shall submit, within
20  thirty days from the date of this order, a certified copy of his prison trust account statement for
21  the six month period immediately preceding the filing of the complaint.  Plaintiff's failure to
22  comply with this order will result in a recommendation that this action be dismissed without
23  prejudice.

24  DATED: January 27, 2010.

25  4
   rash3300.47+3c+new

                           U.S. MAGISTRATE JUDGE