IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHEE ABD' RASHEED,

    Plaintiff,                 No. CIV S-09-3300 KJM P

    vs.

CASTRO, et al.,

    Defendant.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has consented to magistrate judge jurisdiction. Plaintiff has filed two motions for injunctive relief. See Docket Nos. 8 and 10.

I. Background

        Although plaintiff seeks a permanent injunction in both motions, the court construes them as motions, at least in part, for immediate injunctive relief – that is, for preliminary injunctions. A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

1

favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374 (2008)). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

II. Plaintiff's Motion Filed February 8, 2010

Plaintiff's first motion is for an injunction "prohibiting defendants from taking any further steps ... from intercepting any money from plaintiff['s] incoming mail or property or appropriating any of plaintiff['s] money and to return all seized money out of plaintiff's account." Mot. (Docket No. 8) at 1. Plaintiff also alleges that prison officials are "denying all prisoners access to law library use, legal materials and copy services." Id. at 2.

This is plaintiff's second request for injunctive relief concerning his prison trust account. See also Docket No. 5. Plaintiff's previous motion also alleged that prison officials denied plaintiff access to funds in his account. Id. Here, plaintiff goes slightly further with his allegations, stating that defendants are "appropriating" incoming funds and "giving other prisoners access to information connected to plaintiff['s] trust account." Mot. at 2. However, plaintiff's allegations about his lack of access to his prison account or the misappropriation of funds that he believes is occurring still fall well short of showing an irreparable injury. Cf. Order (Docket No. 7) at 2-3 (ruling that plaintiff's allegation that he is being denied access to his prison account, "even if true, does not suggest the existence of irreparable injury"). Therefore, this motion for a preliminary inunction will be denied.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). Here, the pending action is the litigation initiated by the

filing of the underlying complaint, in which plaintiff makes similar allegations concerning his prison account. See Compl. ¶¶ 9-10 (Docket No. 1). The complaint prays for essentially the same injunctive relief plaintiff seeks in the instant motion, demanding an order that defendants "return plaintiff['s] money illegally seized from him [and] give plaintiff access to his trust account." Id. at 5. If plaintiff is due any relief as a result of defendants' maintenance of his prison account, the court will make that determination through the ordinary process that follows the filing of a complaint by a prisoner under the Civil Rights Act and the Prison Litigation Reform Act, 42 U.S.C. § 1997e.[1] Plaintiff is cautioned to refrain from filing motions or other requests for relief that merely repeat the allegations he has pled in his original complaint. Plaintiff should seek immediate injunctive relief only if he has entirely new allegations based on circumstances that, if not immediately addressed, would impair his ability to prosecute this case or the court's ability to adjudicate it.

Plaintiff also claims that prison officials are obstructing his access to the prison law library and legal materials.[2] An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). However, there is no freestanding constitutional right to law library access for prisoners. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. See id. at 351. A prisoner claiming that his right of

---

[1] The court expresses no finding or opinion about the merits of the claims alleged in the complaint.

[2] Plaintiff also alleges that "[d]efendants are denying all prisoners access to law library use, legal materials and copy services," Mot. at 2, and he makes a vague statement that "pursuant to Rule 23, plaintiff can protect the interest of the class with access to legal research and legal materials." Id. at 3. A layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Thus plaintiff cannot "fairly and adequately protect the interests of [a] class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This motion, therefore, will not be construed as a request to proceed in a class action and instead will be construed as part of the underlying individual civil suit brought by plaintiff.

access to the courts has been violated due to inadequate library access must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

Even if plaintiff's access to the law library and legal materials has been somehow restricted by defendants, his ability to file three motions for immediate injunctive relief in less than two months suggests he has suffered no actual injury in his prosecution of this case. His access to this court has not been unreasonably impeded, nor does he give the court any evidence that it might be in the future. Moreover, plaintiff cannot, by this motion, insert claims into this lawsuit that are not set forth in or related to the operative complaint. If plaintiff believes he has an action against a prison official for unreasonable obstruction of his access to the courts in another case, he must file an entirely new lawsuit. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The motion for injunctive relief related to plaintiff's access to the law library or other legal materials will be denied.

III. Plaintiff's Motion Filed March 8, 2010

Plaintiff styles his most recent motion "Ex parte motion for permanent, preliminary and declaratory relief." Mot. (Docket No. 10) at 1. It is an extremely vague pleading, describing no specific action attributable to any defendant named in his original complaint, but alleging violations of numerous federal constitutional and statutory rights. To the extent plaintiff seeks immediate injunctive relief in this motion, he has not shown in this motion a likelihood of irreparable harm that would justify preemptive action by this court. See Stormans, 586 F.3d at 1127. Therefore the court will deny any preliminary injunctive relief.

To the extent plaintiff also seeks permanent or declaratory relief through this motion, the document he has filed is too vague to be the basis of any such relief. Moreover, plaintiff is once again apprised that any claims for permanent injunctive or declaratory relief unrelated to the core allegations of the original complaint in this case must be filed in a new,

separate action.  See George, supra; see also Newman v. Gonzalez, 2009 WL 196353 (E.D.Cal.) ("[p]laintiff fails to establish that the actions of various Defendants were part of a single transaction or occurrence or that questions of law or fact common to all Defendants will arise in this action").  Again, plaintiff cannot insert unrelated claims into this lawsuit by filing a motion for injunctive relief.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for a permanent injunction (Docket No. 8) is denied; and

2. The motion for permanent, preliminary and declaratory relief (Docket No. 10) is denied.

DATED: March 15, 2010.

_____
U.S. MAGISTRATE JUDGE

4
rash3300.47(2)