IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHEE ABD' RASHEED,

        Plaintiff,                      No. CIV S-09-3300 KJM P

    vs.

CASTRO, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has consented to magistrate judge jurisdiction. He previously filed motions for injunctive relief on January 14, February 8 and March 8, 2010. See Docket Nos. 5, 8, and 10. The court has denied those motions. See Docket Nos. 7 and 11. Now, plaintiff has filed four motions for injunctive relief, all between March 18 and March 24, 2010. See Docket Nos. 12, 14, 16 and 17.

I.    Legal Standard

        As discussed below, plaintiff has not heeded the court's previous statements about when immediate injunctive action by the court is appropriate and when it is inappropriate. The court will repeat once more the standards defining the rare circumstance in which an ex parte temporary restraining order or preliminary injunction is actually warranted.

1    A temporary restraining order is an extraordinary and temporary "fix" that the
2 court may issue without notice to the adverse party if, in an affidavit or verified complaint, the
3 movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the
4 movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A);
5 see also Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that
6 "'[t]emporary restraining orders are governed by the same standard applicable to preliminary
7 injunctions'") (citations omitted).  The purpose of a temporary restraining order is to preserve
8 the status quo pending a fuller hearing.  See generally Fed. R. Civ. P. 65; see also E.D. Cal. L. R.
9 ("Local Rule") 231(a).

10   A preliminary injunction represents the exercise of a far reaching power not to be
11 indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141,
12 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party
13 to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable
14 harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
15 injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.
16 2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76
17 (2008)).  In cases brought by prisoners involving conditions of confinement, any preliminary
18 injunction "must be narrowly drawn, extend no further than necessary to correct the harm the
19 court finds requires preliminary relief, and be the least intrusive means necessary to correct the
20 harm." 18 U.S.C. § 3626(a)(2).  A plaintiff cannot enjoin persons who are not defendants in the
21 underlying action by alleging claims that are not set forth in the operative complaint.

22 II.    Procedural Background

23    The original complaint in this case seeks an order that defendants "return
24 plaintiff['s] money illegally seized from him [and] give plaintiff access to his trust account."
25 Compl. at 5 (Docket No. 1).  The court already has informed plaintiff, in denying his first motion
26 for injunctive relief, that "[t]he allegation that prison officials are denying him access to money

2

1  in his prison trust account, even if true, does not suggest the existence of irreparable injury."
2  Order at 2-3 (Docket No. 7). In its denial of plaintiff's second and third motions for injunctive
3  relief, the court directly addressed plaintiff's then-emerging pattern of filing motions duplicative
4  of the allegations concerning his prison trust account, stating "[p]laintiff is cautioned to refrain
5  from filing motions or other requests for relief that merely repeat the allegations he has pled in
6  his original complaint." Order at 3 (Docket No. 11). The court also reminded plaintiff that
7  vague allegations of wrongdoing could not stand as the basis for injunctive relief, and "any
8  claims for permanent injunctive or declaratory relief unrelated to the core allegations of the
9  original complaint... must be filed in a new, separate action." Id. at 4-5.

10  III.    Plaintiff's Motions Of March 18-24, 2010

11          The motion filed March 18 (Docket No. 12) alleges that "Defendants Union
12  members are suppressing dissent and 'mailing claims.'" Mot. at 2. The motion also alleges that
13  "Defendants are infringing on plaintiff's trademark under the Lanham Act 15 U.S.C. §§ 114,"
14  id., a subject unrelated to any causes of action pled in the complaint, and not developed in the
15  motion with any factual support. Plaintiff repeats his allegation that his right to freedom of
16  speech has been violated by defendants' unauthorized withdrawals of money from his prison
17  trust account, thus presenting for at least the third time that basic claim from the original
18  complaint, despite the court's admonishments that the claim would be heard in the ordinary
19  course of plaintiff's litigating his case and not before. Id. The motion also vaguely accuses
20  defendants of violating plaintiff's rights under "Title XII(d)," the Due Process Clause and the
21  Fourteenth Amendment generally. See id. at 3-4. But plaintiff states no facts to explain how
22  those violations are related to his underlying case or how they present a threat of irreparable
23  harm if not immediately addressed. The motion concludes with a demand for numerous forms of
24  relief and an additional claim that plaintiff's "mailing to the courts ... is being trashed and thrown
25  away." Id. at 5. This last claim is undermined by plaintiff's prolific litigation activity over the
26  last several weeks.

The motion of March 19 (Docket No. 14) is almost identical to the motion of March 18, but is handwritten.[1]  It adds nothing factually or legally to the motion of March 18.

The motion of March 23 is also very vague.  It appears to continue plaintiff's ongoing grievance with the prison's treatment of his mail, his trust account or both, and it adds an allegation that his internal prison complaint forms (602s) are being circulated to other inmates.  He requests a temporary restraining order in the form of a prison transfer because he "doesn't know what he will do once he makes contact with these prisoners that have been making entries into his trust account."  Mot. at 2 (Docket No. 16).

The motion of March 24 also raises a claim that is not already pled in this case, challenging plaintiff's classification as mentally ill or as a sex offender, which he alleges has subjected him to involuntary psychiatric treatment without due process of law.  Mot. at 2 (Docket No. 17).  Plaintiff alleges he has been transferred to a mental health facility without a hearing and in violation of his liberty interest.  Id.  He further alleges that in reclassifying him, defendants "were and are motivated by ill intentions and unauthorized motives and purposes."  Id.  He seeks a transfer to another facility, reclassification and appointment of an attorney.[2]

All of the motions fall well short of the standard to which the court previously has alerted plaintiff, that "'plaintiff must demonstrate that there exists a significant threat of irreparable injury.'"  Order at 2 (Docket No. 7) (quoting Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  None of the pending motions alleges

---

[1] The handwritten motion is dated March 2, 2010, but was not received by the court until March 19.  See Mot. at 6.

[2] Because plaintiff has not filed a separate motion for appointment of counsel, none has been docketed in this case.  Plaintiff is apprised, however, that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court does not find the required exceptional circumstances at this stage of the litigation.  Plaintiff's request for the appointment of counsel will therefore be denied, subject to possible reconsideration later in the case.

circumstances that could plausibly be construed as an impediment to plaintiff's ability to advocate his underlying claims. Some repeat for at least the second or third time allegations related to plaintiff's trust account – a subject that, as the court has already informed plaintiff, will be addressed in due course in this case but not in the context of a motion for immediate injunctive relief. Some allegations in this group of motions are simply too vaguely drafted to stand as the basis of any relief at all. The motion of March 24 contains allegations that, if true, could present a cause of action, but they are completely unrelated to this case and therefore must be brought in a separate case to be considered. In sum, none of the motions presents a circumstance that meets the high standard for granting immediate, ex parte injunctive relief, as explained above and in the court's previous orders denying substantially similar motions. Therefore all four motions will be denied.

IV.     Plaintiff's Pattern Of Filing Duplicative And Frivolous Motions

Plaintiff filed four motions in the space of six days, bringing the current total to seven motions for immediate injunctive relief in approximately ten weeks. With these motions, plaintiff has established a pattern of doing virtually everything he has been instructed by the court not to do. The motions now before the court: (1) duplicate the allegations of the original complaint; (2) repeat allegations that the court has previously ruled do not state a claim for immediate injunctive relief; (3) contain allegations too vaguely asserted to stand as the basis of any relief whatsoever; or (4) allege conduct wholly unrelated to the claims averred against defendants in the original complaint. In pursuing this practice, plaintiff has diverted the court's attention and resources away from the claims stated in his original complaint. He has thus delayed, not expedited, the progress of his case. Such frivolous filings imposes an undue burden on the court and opposing counsel. Plaintiff shall therefore be limited in future filings.

Plaintiff is admonished that failure to follow the court's instructions may result in the imposition of sanctions, including dismissal. See Fed. R. Civ. P. 11(b)(1),(c).

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for permanent and temporary injunctive relief (Docket No. 12) is denied;

2. Plaintiff's motion for injunctive relief (Docket No. 14) is denied;

3. Plaintiff's motion for a temporary restraining order (Docket No. 16) is denied;

4. Plaintiff's motion for injunctive relief (Docket No. 17) is denied; and

5. The multiplicity of plaintiff's filings are a burden on both the court and defendants and impede the proper prosecution of this action. Plaintiff's future filings shall therefore be limited. Plaintiff may only file the following documents:

   a. Proofs of service regarding summons;

   b. One opposition to any motion filed by defendants (and clearly titled as such);

   c. Only one motion pending at any time. Plaintiff is limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and

   d. One set of objections to any findings and recommendations.

Failure to comply with this order shall result in improperly filed documents being stricken from the record and may result in a recommendation that this action be dismissed.

DATED: April 6, 2010.

_____
U.S. MAGISTRATE JUDGE

4
rash3300.47(3)