IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHEE ABD' RASHEED,

    Plaintiff,               No. CIV S-09-3300 KJM P

  vs.

CASTRO, et al.,

    Defendant.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has submitted an application to proceed in forma pauperis.

        The "three strikes" provision of the Prison Litigation Reform Act empowers a court to deny in forma pauperis status to a litigant who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).

/////

1

In an order entered September 11, 2009, in a case filed by plaintiff in the Fresno Division, a District Judge in this court found that plaintiff had previously filed three or more actions that had been dismissed as frivolous, malicious or as failing to state a claim. See Civil Action No. 1:09cv1490, Docket No. 3 at 1. Pursuant to 28 U.S.C. § 1915(g), the judge ruled that plaintiff was ineligible to proceed in forma pauperis in that action. Id. at 2. Approximately six weeks later, plaintiff filed the instant lawsuit.

The prior finding that plaintiff is barred from proceeding in forma pauperis applies with equal force here, "unless [plaintiff] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff alleges in his complaint that prison officials have improperly maintained his prison trust account. He also vaguely avers that defendants have retaliated against him for exercising his First Amendment rights, that they have refused to provide him medical treatment and that they have required him to sleep in the upper bunk of his cell's bed. As to the latter two allegations, he does not aver that either action puts him in imminent danger of serious physical injury. In fact, he provides no factual detail explaining what kind of medical treatment he requires or what medical condition would render sleeping in an upper bunk a violation of his constitutional rights.

In the absence of any showing of imminent danger of serious physical injury, the court will apply the bar of 28 U.S.C. § 1915(g) and deny plaintiff's motion to proceed in forma pauperis. Plaintiff will have thirty days from the entry of this order in which to pay the entire filing fee of $350.00. Failure to pay the filing fee within that time will result in dismissal of this action.[1]

---

[1] Eleven days before plaintiff submitted his application to proceed in forma pauperis, he filed a notice, signed under penalty of perjury, that he had paid $300.00 toward the entire filing fee. See Docket No. 9. The Clerk of Court noted on that filing that payment was "Not received." Id. It is customary for the Clerk of Court to record receipt of payment in every civil case in which a filing fee is required. There is no such entry on the docket of this case. Therefore plaintiff is warned that he must pay the full filing fee of $350.00 to proceed. He is further warned that, in addition to penalties for perjury, he may be subject to monetary sanctions under Fed. R. Civ. P. 11 for knowingly making false representations of fact to the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Docket No. 13) is denied.

2. Plaintiff has thirty days from the entry of this order in which to submit the entire filing fee of $350.00. Failure to pay the filing fee will result in dismissal of this action without prejudice.

DATED: April 30, 2010.

_____
U.S. MAGISTRATE JUDGE

4
rash3300.ord